ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 31 2013

JAMES N. HATTEN, Clerk
By: White, Deputy Clerk

| | |
|---|---|
| ESAD RAMIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE NO. |
| | ) |
| | ) **1:13-CV-4310** |
| | ) |
| RACHEL LEWIS, | ) |
| CRST INTERNATIONAL, INC., | ) |
| NATIONAL UNION FIRE INS. CO., | ) |
| | ) |
| Defendants | ) **JURY TRIAL DEMANDED** |
| | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW**, ESAD Ramic, Plaintiff herein, and files this, his cause of action for damages against the above named Defendant, and alleges and states as follows:

1.

ESAD Ramic, Plaintiff herein, is a United States Citizen who is a resident of the State of Florida and all times referenced herein resided in St. Petersburg, Pinellas County, Florida.

2.

RACHEL LEWIS, Defendant herein, is a resident of the State of

GEORGIA and at all times referenced herein resided in Fulton County, Georgia and may be served at her residence at 216 Malone Circle, Fairburn, Fulton County, Georgia and is subject to the jurisdiction of this Court.

3.

CRST International, Inc., Defendant herein, is a resident of the State of Iowa, having its principal place of business located at 3930 16th Ave. SW, Cedar Rapids, Iowa 52406 and may be served through any of its officers including, but not limited to: David L. Rusch, Wes Brackey, or Eric Baker.

4.

National Union Fire Insurance Company of Pittsburgh, PA is a stock insurance company which is a resident of New York, having its principal place of business located at 175 Water Street, New York, NY 10038 and may be Served through Corporation Service Company, 40 Technology Pkwy South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

5.

This lawsuit is a civil action over which this Court has original jurisdiction under *28 U.S.C. § 1332*, and is one which may brought in this Court by Plaintiff pursuant to the provisions of *28 U.S.C. § 1441(b)* in that it is a civil action between citizens of different states and the matter in

controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.

On March 9, 2013 Plaintiff ESAD Ramic was operating his 2007 Cab over Tractor Truck in a safe and prudent manner when it was parked at Exit 201 off Interstate 75 when he was struck by a tractor trailer operated by Defendant RACHEL LEWIS, who was driving a vehicle on behalf of and in the scope of her employment with Defendant CRST INTERNATIONAL, INC., which was a contract common carrier engaged in interstate commerce and insured by Defendant NATIONAL UNION FIRE INS. CO.

7.

At the time of the incident, Plaintiff ESAD Ramic was parked and not operational off of Interstate 75 and not on any road at the time when it was struck by Defendant RACHEL LEWIS in the truck operated on behalf of CRST INTERNATIONAL, INC., which was a contract common carrier engaged in interstate commerce and insured by Defendant NATIONAL UNION FIRE INS. CO. and was required by law to yield the right of way to and avoid strikng Plaintiff's vehicle.

8.

The collision between Plaintiff's and Defendant's vehicles was solely

caused by the negligent conduct of the Defendant herein, unmixed with any negligence on the part of the Plaintiff.

9.

At the time of the incident, Plaintiff ESAD RAMIC was in the sleeping berth of his tractor cab and as a result of the impact between his vehicle and the tractor trailer operated by Defendant RACHEL LEWIS in the truck operated on behalf of CRST INTERNATIONAL, INC. and as a result of the collision between the Plaintiff and Defendant's vehicle, Plaintiff was thrown from his sleeping berth and onto the floor of his tractor trailer.

10.

As a result of being thrown from his sleeping berth onto the floor, the Plaintiff sustained injuries and damages to his left shoulder.

11

The negligence of the Defendants herein caused injuries to the Plaintiff, making these Defendants liable to the Plaintiff for his injuries.

12.

Plaintiff shows that as a result of the negligence of the afore-stated Defendant he sustained injuries to his left shoulder, as well as other injuries

requiring medical treatment.

13.

Plaintiff shows that as a result of the negligence of the Defendant the Plaintiff has incurred medical expenses in the amount of $121,008.45 for which these Defendants are liable.

14.

Plaintiff shows that as a result of the negligence of these Defendants, Plaintiff was prevented from maintaining employment and caused him to incur lost wages for which these Defendants are liable.

15.

Plaintiff shows that as a result of the combined negligence of these Defendants the Plaintiff has suffered from pain and discomfort and will continue to suffer from physical and mental pain and discomfort in the future for which these Defendants are liable.

WHEREFORE, Plaintiff seeks the following:

(A). Judgment against the Defendants to be awarded to the Plaintiff in an amount to be demonstrated at trial for medical expenses incurred by Plaintiff;

(B).  Judgment against the Defendants to be awarded to Plaintiff in an amount to be demonstrated at trial for lost wages incurred by Plaintiff;

(C).  Judgment against the Defendants, to be awarded to Plaintiff in an amount to be demonstrated at trial for past mental and physical pain and suffering experienced by Plaintiff;

(D).  Judgment against the Defendants, to be awarded to Plaintiff in an amount to be demonstrated at trial for future mental and physical pain and suffering experienced by Plaintiff

(E).  Any further relief which the Court may deem just and proper.

This 31st day of December, 2013

CLAXTON & CLAXTON, LLC

_____
WILLIAM P. CLAXTON
Georgia State Bar No. 129320
Attorney For Plaintiff

Suite 115
180 Interstate North Parkway
Atlanta, Georgia 30339
(770) 933-1946
wclaxton@claxtonllc.com
frank@frankdicosola.com