IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ESAD RAMIC,

    Plaintiff,

v.

RACHEL LEWIS,
CRST INTERNATIONAL, INC.,
and NATIONAL UNION FIRE
INSURANCE COMPANY,

    Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-4310-MHC

## ORDER

This case comes before the Court on Plaintiff's Motion for Partial Summary Judgment [Docs. 19 & 20[1]] ("Pl.'s Mot.") and Plaintiff's Motion for Leave to Amend Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment [Doc. 24]. For the reasons stated below, Plaintiff's Motion for Leave to

---

[1] There are two entries on the docket that contain Plaintiff's motion. The first [Doc. 19] contains the motion, a one-page brief [Doc. 19-1], a two-page Statement of Material Facts [Doc. 19-2], and four exhibits [Docs. 19-3 through 19-6]. The second [Doc. 20] contains a six-page brief [Doc. 20-1]. The Court has considered all of Plaintiff's filings in this Order.

Amend [Doc. 24] is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment [Docs. 19 & 20] is **DENIED**.

I.      **BACKGROUND**[2]

On March 9, 2013, Plaintiff, a resident of Florida, was inside his 2007 Volvo cab over tractor truck which was parked at a Pilot Truck Stop off Exit 201 on Interstate 75 when his truck was struck by a tractor trailer driven by Defendant Rachel Lewis ("Lewis"), a resident of Georgia. Compl. [Doc. 1] ¶¶ 1, 2, 6; Answer [Doc. 9] ¶¶ 1, 2, 6; Pl.'s Am./Supplemental Statement of Facts About Which No Genuine Issues Remains to Be Tried [Doc. 24-1] ("Pl.'s SMF") ¶ 10;

---

[2] The Court has viewed all evidence and justifiable factual inferences in the light most favorable to Defendants, as required on a plaintiff's motion for summary judgment. Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Sunbeam TV Corp. v. Nielsen Media Research, Inc., 711 F.3d 1264, 1270 (11th Cir. 2013). In addition, the Court has excluded assertions of facts by either party that are immaterial or presented as arguments, or legal conclusions or any fact not supported by citation to evidence. LR 56.1B(1), NDGa. The Court accepts as admitted those facts in the moving party's statement that have not been specifically controverted with citation to the relevant portions of the record by the opposing party. LR 56.1B(2), NDGa. Defendants correctly state that Plaintiff's original Statement of Facts failed to comply with this Court's Local Rules by failing to cite to any evidence in the record; see Defs.' Resp. to Pl.'s Statement of Facts [Doc. 22-21] ("Defs.' SMF") at 1. Subsequently, Plaintiff filed a Motion for Leave to Amend his Statement of Facts to include record citations [Doc. 24], which motion is unopposed. Plaintiff's Motion for Leave to Amend is **GRANTED**.

Defs.' SMF ¶ 10. At the time of the collision, Lewis was operating the tractor trailer on behalf of and in the scope of her employment with Defendant CRST International, Inc., which is a common carrier engaged in interstate commerce and insured by Defendant National Union Fire Insurance. Compl. ¶ 6; Answer ¶ 6; Pl.'s SMF ¶ 3; Defs.' SMF ¶ 3. Defendants admit that Lewis' negligent conduct caused the collision. Pl.'s SMF ¶ 9; Defs.' SMF ¶ 9. Defendants dispute that Lewis' negligent conduct caused Plaintiff's alleged injuries and damage. Defs.' SMF ¶ 12. In fact, the parties dispute where Plaintiff was actually located within his vehicle: Plaintiff contends that he was sleeping in a separate compartment attached to the rear of his cab and the collision caused him to fall out. Pl's. SMF ¶ 2; Deposition of Esad Ramic taken June 26, 2014 [Doc. 22-20] at 55-57. Defendants contend that Plaintiff was in the driver's seat at the time of the collision talking on his cell phone. Deposition of Rachel Melissa Lewis taken November 6, 2014 [Doc. 22-1] at 33-34;

Plaintiff moves for partial summary judgment on his claim of negligence *per se* based upon Defendants' admission that Lewis' negligent conduct caused the collision. Pl.'s Mot. at 1. The only statute cited by Plaintiff in his brief that Defendants purportedly violated is O.C.G.A. § 51-12-33, which is a comparative negligence statute providing for a reduction and apportionment of an award of

damages for negligence based upon a plaintiff's percentage of fault. Pl.'s Br. in Supp. of Mot. for Partial Summ. J. [Doc. 20-1] at 4. Defendants oppose Plaintiff's motion because, even though they admit that Lewis was negligent in causing the collision, they deny that Lewis' negligent act was the proximate cause of Plaintiff's alleged injuries. Defs.' Resp. in Opp'n to Pl.'s Mot. for Partial Summ. J. [Doc. 22] at 4.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment has the burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and cannot be made by the district court in considering whether to grant summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).

If a movant meets its burden, the party opposing summary judgment must present evidence that shows there is a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law. Celotex, 477 U.S. at 324. In determining whether a genuine issue of material fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that opposing party. Anderson, 477 U.S. at 255; see also Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. Anderson, 477 U.S. at 248. A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Id.

"If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita, 475 U.S. at 587.

### III. DISCUSSION

In a diversity jurisdiction case, the court applies the substantive law of the state in which the cause of action arose. Azar v. Nat'l City Bank , 382 F. App'x

5

880, 884 (11th Cir. 2011). In Georgia, where the collision in this case occurred, "[t]he violation of a statute, ordinance or mandatory regulation that imposes a legal duty for the protection of others constitutes negligence *per se*." Swinney v. Schneider Nat'l Carriers, Inc., 829 F. Supp. 2d 1358, 1367 (N.D. Ga. 2011) (citing Hubbard v. Dep't of Transp., 256 Ga. App. 342, 349-50 (2002)). Generally, a plaintiff may assert that a violation of a statute or regulation constitutes negligence *per se*, so long as: (1) that plaintiff falls within the class of persons the statute or regulation was intended to protect; (2) the harm complained of was the same harm the rule was intended to guard against; and (3) the violation of the statute or regulation proximately caused the plaintiff's injury. McLain v. Mariner Health Care, Inc., 279 Ga. App. 410, 411 (2006). Absent a showing of causation, a showing of negligence *per se* alone is insufficient to establish the defendant's liability. Hubbard, 256 Ga. App. at 351-52; Howard v. Gourmet Concepts Int'l, Inc., 242 Ga. App. 521, 523 (2000). "In addition, in order to prevail on a claim or defense of negligence *per se*, there must be a causal connection between the negligence and the injury." Id. at 350.

In this case, Plaintiff has asserted a claim of negligence *per se* but has cited no statute that was violated by Defendants. See Spooner v. City of Camilla, 256 Ga. App. 179, 184 (2002) (holding that the plaintiffs' negligence *per se* argument

6

failed because they did not site to any specific statute, rule, or regulation which imposed the duty they claim was breached by defendants). The only statute referenced by Plaintiff is the general comparative negligence statute which imposes no duty upon a party. Moreover, even if Plaintiff had cited to a statute or regulation that had been violated by Defendant, there is a disputed issue of material fact as to whether Lewis' negligence in causing the collision was the proximate cause of Plaintiff's alleged injuries. Howard, 242 Ga. App. at 523.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's Motion for Leave to Amend Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment [Doc. 24] is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment [Docs. 19 & 20] is **DENIED**.

**IT IS SO ORDERED** this 16th day of April, 2015.

_____
MARK H. COHEN
United States District Judge